501-Auto-Owners Insurance Company, I believe by Katherine Sons v. J. H. S. and Curtis Stang, co-founded by Matthew Duco. Mr. Duco. May it please the court, counsel. My name is Matt Duco on behalf of the appellant, Curtis Stang. This matter involves a declaratory judgment action filed by an insurance company, Auto-Owners, in regard to their duty to defend and indemnify their insured, who is Mr. Schaefer. I represent Curtis Stang, who brought a tort claim against Mr. Schaefer, the underlying tort claim, prior to the declaratory judgment being filed. In our complaint, the tort complaint, we alleged two counts. One count was for battery and one count was an alternative count for negligence. And the issue presented here is well-articulated for a long time in the Supreme Court case from 1976 of Maryland Casualty v. Peppers, which is when you have an instance where an insurance company is seeking a declaratory judgment action, that if there's an ultimate issue of fact to the result, such as here where the issue is whether the conduct was intentional or negligent, then the proper thing is to state the declaratory judgment action until that issue is resolved in the underlying tort action. And the case law that has sprung from Peppers over the decades, including, we cite and rely on the dams court, states that the proper procedure then is for what is called the eight corners rule, which is that the court will first determine whether there is a duty to defend, because the duty to defend is much broader than the duty to indemnify. And so once there's a duty to defend, then the issue of the duty to indemnify is stated, because that, whether it's intentional or negligent conduct, is an ultimate issue to be cited in the underlying tort case. And if there is no duty to defend, then that means the declaratory judgment should be successful for the insurance company, because, again, that duty is broader than the duty to indemnify. So as a matter of law, no matter what, there could not be any type of allegations proved in the tort case where there would be coverage owed on that claim. Therefore, the insurance company would win. And in this case, ultimately what happened was we filed a motion for judgment on the pleadings, stating that, again, with the eight corners rule, you stick with just the pleadings. And why it's called the eight corners rule is you look at the insurance policy, then you also look at the underlying tort claim, and you try to determine whether those allegations could potentially raise a claim that would fall within cover by the policy. And so we filed our motion for judgment on the pleadings based solely on the pleadings. The insurance company auto owners filed a cross judgment on the pleadings, arguing, of course, the opposite, that there was no duty to defend. And Mr. Schaefer joined in our motion for judgment on the pleadings. So the parties all agreed at the trial level that this matter, at least as to the duty to defend, should be decided as a matter of law based solely on the tort complaint, the allegations of the declaratory judgment, and of the insurance policy at issue. The only issue before us now is negligence, right? The negligence claim? Correct. And that's what the ultimate issue to be decided, and the only exclusions raised in the declaratory judgment was that Mr. Schaefer acted intentionally, therefore his act was not covered under the policy, versus whether he acted negligently, which would have afforded coverage. And the parties agreed that issue of the duty to defend should be decided as a matter of summary judgment. Now, as to the duty to indemnify, we argued that there is a duty to defend. Duty to indemnify should be stayed pending the ultimate outcome of the underlying tort claim. Now, what ultimately happened at the trial level, though, and I believe that auto owners is in agreement here, that the reasoning of the trial court was in error. Because what the trial court stated was that ultimately, based on the fact that Mr. Schaefer was convicted of battery in a criminal case, based solely on that conviction, and the issue here in the trial court in the written order states that the fact to look for in this matter is whether defendant Larry Schaefer was convicted of a crime for battery for causing the harm to defendant Kurt Stang. And therefore, the trial court said since he was convicted, that there is no duty to defend as a matter of law. And it cited the Dan's Court. Now, the problem with this, and why I think auto owners will be in agreement with this, why that was error to rely on that case, is because in the Dan's Court, the policy at issue had a criminal acts exclusion. That was an exclusion for any act that arises from criminal conduct punishable by a term in imprisonment. Here, it's undisputed that there is no criminal acts exclusion at issue. That wasn't raised. The issue is whether his conduct was intentional or whether it was negligent. That's the issue of the exclusion that has been raised by auto owners. So in Dan's, the court stated, well, it doesn't matter whether he was negligent or whether it was intentional, because he was convicted of a crime, and any conviction for a crime is excluded. That's not the issue here. So the trial court did err in that reasoning, stopping its analysis at that point. And so what this court ultimately needs to do is to determine, of course, a de novo review, determine whether based solely on the pleadings, because that's how we presented this. It was a motion for judgment on the pleadings, cross-motion joint. That means the parties are in agreement that this should be decided as a matter of law. Whether there's two issues, number one, the eight corners rule analysis, whether based solely on the pleadings of the underlying court claim that there's a potential for coverage, or number two, collateral estoppel. And I'll start first with the first analysis, which is, again, the eight corners rule. And the burden here for us to meet in order to show that there is a duty to defend is actually a very low burden. What the case law states is that the allegations of the underlying court complaint must be liberally construed, and any doubts of coverage must be weighed against the insurance company. What the cases also state is that if the allegations potentially fall within the policy's coverage, a duty to defend does exist as a matter of law. And it is only the rare case that a court can be so confident that the allegations could not even possibly be considered to describe negligent conduct, that there are rules that there is no duty to defend. And so in this case, we have a complaint, and what we have alleged is that Mr. Schaefer acted negligently when, with conscious indifference to his surroundings and circumstances, he grabbed Mr. Stang and threw him to the ground. How is that not an intentional act? Now, undoubtedly, that is a physical act. But the question to be decided is whether he intended to harm Mr. Schaefer when Stang did that. We've cited to the dams court for the holding. In that case, the underlying complaint alleged that the defendant had swung a briefcase, and in swinging the briefcase and striking the plaintiff, injured him. And what the court said there was that they couldn't state that there are no possibilities or no circumstances where they can see that swinging and striking someone with a briefcase isn't negligent conduct. It could be self-defense, or it could be that they were stuffing over the briefcase and he got struck, and it could be a mere accident. They stated that in there, the allegations of actually what happened and the altercation, how it transpired, were very vague and not very specific as to what happened. So based just on those allegations, the court refused to state, as a matter of law, there's no way there could be negligent conduct here. Now, here we've also submitted the discovery deposition of Mr. Schaefer. Mr. Schaefer states in his discovery deposition what happened was the grabbing of Mr. Stang was that he went to shake his hand, and he shook his hand, and that the falling down by Mr. Stang was that when he let go of his handshake, he stumbled backwards. And so we can see how his explanation of how that occurred could be negligent conduct versus an intent to harm Mr. Stang. And we can see where his explanation is in line with the allegations of the complaint, that yes, he grabbed him, and yes, he did fall down and got injured, but that was not because he intended to harm him, but because he intended to shake his hand, but did so in such a way that harmed Mr. Stang. And this, again, is in line with the dams building, we think, very much as far as striking somebody with a briefcase. How do you get to use the deposition testimony? And so, again, what we're looking at here is whether there's any possibility that the allegations could raise an issue of negligent conduct. And in doing so, there is a court case that we've cited, Pekin, and also the dams case. They both state that for the limited purpose of deciding a duty to defend, the court can look outside the actual allegations of the underlying complaint to try to put context to them to state, well, is there any possibility that these allegations are of, ultimately could be of negligent conduct versus intentional conduct? And that's what the court decided in Pekin. And what they looked at there was an affirmative defense that stated it was self-defense. And self-defense was covered under the policy, and also there's a theory for the negligent use of too much force in self-defense. Here, there is no issue of self-defense, but the issue, as pointed out in the discovery depositions, is that potentially this could be negligent conduct, where if he goes to court and he proves that, hey, all I did was try to shake his hand, and in doing so, I let go of him in such a way that he fell, I never intended to harm him, that would be negligent conduct. And the dams court also stated that there's a difference between a physical act, such as striking someone with a briefcase, versus an intent to harm someone. And so the physical act is grabbing him. Did he grab him to shake his hand, or did he grab him with the intent to hurt him? That's an ultimate issue to be decided in the underlying tort case. I think the allegation in the complaint is that he grabbed him and forcefully threw him to the ground. It doesn't say forcefully threw him, but it said that he acted with disregard to his safety by grabbing him and throwing him to the ground. It does say that he forcefully threw him to the ground. Sure, and that's true. However, we do have alternative allegations. There's one count for battery, and there's one count for negligence. And our allegations are stated in the alternative. According to all the case law on the issue, is that what is to be decided on the duty to defend under the eight corners rule is whether there are any set of facts under any claim that have been stated that could raise the possibility of coverage. So, without a doubt, we have alleged battery, and have alleged that he forcefully did this with intent. But alternatively, we've also alleged negligence. But you incorporated those first five paragraphs into your negligence count. We have, and they are separated by an and or conjunction that shows that they're alternative. That this is what happened. He forcefully threw him to the ground intentionally, or he did so negligently. And, again, by using and or conjunction with those allegations, we're showing that that is an alternative pleading. Okay. Could you deal a little bit with expected versus intentional? Expected versus intentional? The language in the insurance policy is in the alternative. Sure. Either expected or intended. Essentially, and the case law shows this, essentially there's not really any type of real difference. One is just the way that you define an occurrence, which is that an occurrence is something that is an accident. And then an accident is something that's not expected. Versus where there's actually an exclusion that states that even if there was an occurrence, if there was intended harm, it's excluded from coverage. But the cases essentially all state that that analysis comes down to the same thing. Whether there was an act of intending harm, of intentional conduct. And so, essentially, there's not much difference between the different exclusions or theories that the insurance company is seeking to exclude coverage. And I wanted to talk real briefly, which is the second analysis here, which is the collateral estoppel issue. And so, alternatively, auto owners want judgment in their favor based on collateral estoppel. And they brought that notion pursuant to the pleadings only. And limited only to the pleadings. And one thing in the pleadings is the fact that there was a conviction for battery that arose from the occurrence. Now, according to the Supreme Court, in order to apply collateral estoppel, there needs to be three threshold requirements first met. The first one is that the underlying criminal case was identical issues with identical facts as to the tort complaint. Also that there was a final judgment on the merits and that there would be identical parties or parties of interest. And then after doing those first three threshold requirements, there's a balancing test of whether it is in the interest of court expediency to not litigate this issue again versus a party's right to be heard in a civil case. Now, we started Allstate v. Colvard where it's the same instance, where all the insurance company did was move for a judgment on the pleadings based solely on the fact that there was a conviction and that that conviction arose from the occurrence. And that was all the evidence that the insurance company presented to the trial court. And what the court said there is that obviously the requirements have not been met because no evidence has been presented. How can the court state as a matter of law that collateral estoppel applies? Collateral estoppel is no small thing as the Supreme Court states. You're denying somebody the right to go in court. You're denying Mr. Schaefer the right to go into court and explain what happened to him in the civil litigation. We also believe that even if there was a balancing test here, it would not come out in favor of collateral estoppel. Again, there's been no evidence presented. And based on the holding in Colvard, Allstate v. Colvard, the insurance company auto owners here has clearly not met its burden because it's presented no evidence at all to meet these threshold requirements. But even if they did, Mr. Schaefer, he ultimately got supervision in a small fine versus a civil complaint where he faces a substantial damage claim against him and monetary. And in that regard, I will ask that the decision be reversed. Thank you. Good morning, Your Honors. Counsel. May it please the Court. I would like to briefly address two parts of counsel's brief. I think counsel agrees that there's nothing in the record that supports a claim of self-defense, so I would simply ask that the Court ignore that assertion. Secondly, there's also an assertion that the defendant in the underlying criminal case received a conditional supervision. That is a misstatement, but in any case, it's not supported by the record. In counsel's reply brief, he mentions that there was something in his reply brief at the trial level. However, that was also not supported by any facts or evidence. In any case, it doesn't really matter, but there's nothing in the record to support that. The issue here is whether or not there is coverage. There are three insurance policies at issue. With respect to two of them, there is an issue of whether it even falls within the definition of an accident or something covered. With two of them, or with all three of them, there is also an exclusion for intentional and expected conduct that's at issue. So the question is whether or not the complaint alleges something that is covered by the policies. I would like to first address the trial court's ruling. I do agree with counsel that I'm not sure that the trial court's reasoning was entirely correct. I'm not going to be disingenuous about the ruling, but this court can sustain the ruling on any grounds that are supported by the record. When a case is appealed, the issue before the court is whether or not the ruling is correct, not whether or not the reasoning was correct. So I believe that the court can sustain the ruling based on a couple of things. First of all, the allegations of the complaint do not allege an accident. They do allege intentional and expected conduct. Now, the allegations of the complaint are specific. Paragraph four says that the defendant, Larry Sheffler, grabbed the plaintiff and forcefully threw him to the ground. Now, there are two different counts of the complaint. However, that particular allegation is part of both of them. It is in the section called Common Allegations that are common to both counts of the complaint. With respect to the negligence count, additionally, there are three specific acts that are alleged. Importantly is the middle one, which is that he acted with awareness that his conduct would naturally and probably result in injury to the plaintiff. The other allegations are that he acted with conscious indifference when he grabbed plaintiff and throwing him to the ground. The third one also disregards the safety by grabbing him and throwing him to the ground. Now, courts have repeatedly recognized that insurance coverage is important and plaintiffs trying to get a recovery from defendants who often don't have assets, it's important to trigger that coverage so that there is coverage and that they may use certain key words with respect to their pleadings, but ultimately what they're pleading is intentional conduct. And in this case, that's exactly the case. This is your typical transparent attempt to trigger insurance coverage. The allegations are specific that he acted in grabbing him and throwing him to the ground. There's no way that one can interpret acted with awareness that his conduct would naturally and probably result in injury to the plaintiff as anything other than intentional and expected. The cases have specifically found that acting with awareness that one's conduct, or I'm sorry, that the natural and probable consequences of an action do not constitute an accident. So here we have him acting, knowing the natural and probable consequences of his actions, therefore it may be labeled negligence, but it isn't negligence. They've alleged specific conduct. Now, counsel refers to the eight corners rule initially, and the eight corners rule is the four corners of the pleadings in addition to the four corners of the policy. Then he goes on to refer to deposition testimony. The deposition testimony cannot be considered by the court. This is a motion for judgment on the pleadings and is limited to the pleadings. Now, counsel has referred the court to Pekin v. Wilson. Pekin v. Wilson is interesting if you look at the appellate case. It was a Supreme Court case. One issue that was not addressed by the Supreme Court because they did not appeal that issue was the finding by the trial court and the appellate court that, in fact, the negligence count did not allege negligence. They said, we cannot reasonably construe the facts alleged as indicating that Wilson was negligent. The facts are inconsistent with allegations of negligence, and the court disregarded that count as being simply an attempt to trigger coverage. However, at the Supreme Court level, the issue was, can the court look at something beyond the underlying complaint? And the court said, in that case, yes, you can, because the issue in that case was a provision of the insurance policy with respect to self-defense. And the court said they allowed them to look at a counterclaim because the court said, there's no way you can get to this issue unless you look at the counterclaim. It's the only way to raise it so that it's before the court. So had, in this case, there been an issue of self-defense alleged as an affirmative defense in the TORC claim, then the court could look at that. If there was some sort of counterclaim or something of that nature, I believe the court could look at that. Although the normal rule is that you only look at the complaint, not the answer, not other things. If self-defense were an issue in the insurance policy and were an issue, the court could look at other pleadings. What Wilson did not say, or Pekin versus Wilson, is that you can look at anything. The court said you can look at other pleadings. There is nothing in Wilson that allows you to go beyond the pleadings to other evidence. You can look at the pleadings in the declaratory judgment action. You can also look at the pleadings in the underlying TORC action. But there's nothing about Wilson that allows you to go to deposition testimony. Counsel has cited no case. I have looked extensively and have not found any case that allows the court on a judgment on the pleadings to look at deposition testimony. How do we get to the criminal conviction then? Well, that would be through Savickas. And I agree, but that does not deal with the deposition testimony. That is an exception that the Supreme Court case has allowed that says that you can look at a conviction. So, that is a collateral estoppel issue. It is limited to the collateral estoppel issue. It does not go beyond that to look at facts with respect to coverage, other than to say that this decision has been decided by another court. So, I believe that the allegations of the complaint are very clear that it does allege intentional conduct, regardless of the title. Counsel refers the court to DOMS with respect to the pleadings issue. The pleadings in DOMS, however, were very different. The allegations of negligence there were that they made physical actions with hands and fists, but the court noted that there was no allegation that he was actually hit with hands or fists. So, that allegation, the court said he could have either been swinging or missing, or he could have been gesturing wildly. But in any case, it had nothing to do with the actual damages. The other allegation is that they swung a briefcase in close proximity to his body. That's not what we have here. We don't have him, as he refers to the deposition testimony, reaching to shake his hand and there's an accident. What we have is allegations that he grabs him and threw him to the ground. That's intentional conduct. So, I believe on that alone, the court can affirm the trial judge's ruling. The second issue, which your Honor has addressed, is Savickas. Savickas is a Supreme Court case with respect to collateral estoppel. And it says, listen, when we already have a criminal case and the court has already, or a jury, has decided beyond a reasonable doubt that your conduct was intentional, then this issue is decided. It's already been decided by a different court that it's intentional, and we're not going to make you go through an argument with respect to whether it is intentional or negligence. There are three things that have to be established, that the issue was decided by a prior adjudication, that there's been a final judgment on prior adjudication that was identical to the one presented in the suit in question, and that the party against whom the estoppel was asserted must have been a party or in privity with the party to the prior adjudication. I believe that we have all of those things within the context of the pleadings. I have pleaded that he was charged with battery, that it arose out of the same instance, on the same date, the same altercation, and that he was charged with battery, which is a person commits battery unknowingly, without legal justification, by any means causes bodily harm to an individual. He's already been convicted by a jury of that offense. Counsel refers to COBAR and mentions that that was a judgment on the pleadings, which it was not. COBAR was a case that was decided at the summary judgment stage, and the issue was not raised by the pleadings. So, when it's not raised by the pleadings and not admitted by the other party, then of course you have to present evidence establishing that it was all the same. Thank you. What was presented in COBAR was a copy of an order showing a conviction. Elsewhere in the case, it refers to a certified copy of the conviction. To be honest, I didn't follow because the original statement of facts says it presented with an order. But in any case, what it did not show was that it happened on the same date, that it involved the same parties. For all we know, it was a conviction for something that happened two years over, two years prior, involving completely different people. There was nothing for the court to hang its hat on that said, hey, this was the same incident. Now, they kind of argued that it was the same incident, but the court said, hey, I need something more than your statements. I need evidence at a summary judgment stage. That's not what we have here. I've pleaded it. They've admitted it. Shuffler filed an answer admitting the allegations that it all arose out of the same incident. Mr. Stang did not file an answer, but if he chooses to proceed with a judgment on the pleadings without filing an answer, then he has admitted the pleadings. In any case, it's established through Shuffler's admission that this all arose out of the same incident. Given that, I believe that we have established it, that we have met all of the requirements to apply collateral estoppel. Once you meet the primary requirements, there is an additional requirement, because the courts say there are instances where it really isn't fair to apply collateral estoppel. And Kovar and some of the other cases illustrate what those instances are. Where someone takes a plea because they're facing a large sentence or something that's scarier, and they say, hey, I'm going to take my chances with the plea. I'm not going to fully litigate this. I have an incentive to take a shorter sentence rather than spend years in jail. We don't have that here. He was the battery. Now, again, counsel refers to more heinous cases. It doesn't matter that it's murder or whatever. He had incentive to litigate. Battery does potentially include a jail sentence. He did not plea guilty. He went to trial. He went to jury trial, and he fully litigated the matter and was found guilty. We have met all of the primary requirements to apply collateral estoppel, as well as showing that it's not unfair in this circumstance to apply it. Counsel hasn't raised any circumstances that establish that it's unfair or that he didn't have incentive to litigate the underlying matter. And with that, I would ask that the ruling of the trial court be affirmed. Thank you. Thank you. And Mr. Gump, anybody? Well, I think there was a very good point raised by question, which is that if you're not allowed to look past the pleadings, how has auto owners at all established any of the requirements of the three threshold requirements of collateral estoppel? Because they're presenting no evidence at all. And they've also the only thing that's before this court, as far as the pleadings go, is that there was a conviction for battery arising from the occurrence. Now, in Covart, Allstate versus Covart, and I do correct myself, that was a motion for summary judgment versus a judgment on the pleadings. And with the motion for summary judgment, they were allowed to consider depositions. And in there, the TORC defendant had admitted that he was convicted of a battery in regard to the occurrence at issue in the TORC claim. This is exactly what is before this court based solely on the pleadings. And what the court said in Covart is that the insurance company has done nothing to meet its own burden. And we can see how that occurs and how that's unfair when we look at the argument from auto owners that while the sentencing was not just a conditional supervision with a small fine, it was some unknown thing because they never even presented what his sentence was from the underlying battery claim. There's no transcript from the criminal trial hearing. There's not even a certified copy of the conviction or the order that was entered. And what Covart said in such a case, that is improper burden shifting because now what they're attempting to do is shift the burden onto Mr. Schaffer and Mr. Stang to say, oh, well, the three requirements haven't been met because now we have to go out and find evidence to show they haven't been met. If it was solely, the only question was the fact of the conviction itself allowed for collateral estoppel, what is even the purpose of the requirements? What is even the purpose of the vengeance test? The analysis does not end at just that there was a conviction that arose from the occurrence. That was what was before the court in Covart and they said that is insufficient to allow for collateral estoppel. Is it the same for a judgment on the pleadings? Yeah. I mean, the same analysis applies. The only difference is what evidence the court can consider. In Covart, the court can consider the depositions, whereas here it's limited solely to the pleadings. But the issue of applying collateral estoppel still comes down to those three requirements along with a balancing test. And the three cases relied upon for auto owners in each of those cases, the insurance companies presented a transcript of the underlying criminal trial and a certified copy of the conviction, and they not only did that, but they also cited two specific facts in that transcript, let the court know what happened in the trial. We have not given a single citation to anything that happened in the criminal trial from auto owners here. And also in the Supreme Court case in Savicks, some of those citations to the criminal trial show that the defendant in that murder trial admitted to intentionally shooting his gun, which clearly is an intentional act that could reasonably lead to harm of someone, which leads me into the final analysis, which is on the eight corners rule. And again, we agree this is limited to the pleadings. And according to the case law, it's only one of several different theories that have been alleged. And the case law states that this decision should not come down to the skills or draftsmanship of the allegations of the complaint. And I will submit also when we're talking about Savicks, yes, they didn't allege negligence there because the act alleged was that he hit him over the head with a beer bottle. Hitting somebody over the head with a beer bottle is expected or intended that they would be harmed. Here we say grab someone and forcibly fell to the ground. Now, grabbing someone, the question then is grabbing someone, when you grab someone, does that always intend that you're going to harm them? Obviously a handshake does not intend to harm someone. And that's exactly what Mr. Schaffer is going to assert in his tort claim. And Vance, it wasn't just swinging the briefcase. It was striking someone with the briefcase. And yes, that's a physical act. But did that intend harm? That was the question Vance said ultimately to be decided in the underlying tort claim. Just like here, whether this grab was intended to harm Mr. Schaffer, or whether that grab was intended to harm Mr. Stank, or whether it was a handshake that resulted in negligent damages. That's an issue that's going to be decided ultimately in the underlying tort complaint. And again, these allegations must be liberally construed in order to afford coverage. And based on that, we would ask that the decision of the trial court be reversed. Thank you. Thank you, Mr. Dugdale. And thank you both for your arguments here. We'll take this matter under advisement. The abache was a written disposition within a short period. We'll now take a short recess for a panel.